[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11938
Non-Argument Calendar

_____

D.C. Docket No. 0:04-cr-60275-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRUCE HERMITT BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 21, 2020)

Before MARTIN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Bruce Bell appeals the district court's order reducing his sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 ("First Step Act"). He argues that the district court abused its discretion when it failed to reduce his sentence below the revised guideline range based on an erroneous belief that it lacked authority to do so.

## I.

In 2005, a jury found Bell guilty of two drug-distribution offenses involving at least 50 grams of cocaine base ("crack cocaine"). *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846 (2004). Bell had a base offense level of 38 under the Sentencing Guidelines, based on a finding that he was responsible for at least 1.5 kilograms of cocaine base. Bell also received increases for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), for his lead role in the scheme, *id.* § 3B1.1(a), for involving a person under 18 in the scheme, *id.* § 3B1.4, and for obstruction of justice, *id.* § 3C1.1, yielding a total offense level of 48, which was then reduced to the maximum offense level of 43. With a criminal history category of VI, Bell faced a guideline range of life imprisonment. Bell was also subject to an enhanced minimum penalty of life imprisonment for both offenses because the government filed a notice under 18 U.S.C. § 851 to establish that he had two or more prior convictions for a felony drug offense. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2004). The district court sentenced Bell

to concurrent terms of life in prison.  We affirmed Bell's convictions and sentence on appeal.  *United States v. Bell*, 218 F. App'x 885 (11th Cir. 2007).

After pursuing other post-conviction relief, Bell filed a motion in March 2019 requesting a sentence reduction under § 404 of the First Step Act.  He maintained that he was eligible for a reduction because the First Step Act had the effect of lowering his statutory sentencing range and that a substantial sentence reduction was warranted in light of his post-sentencing rehabilitation and other factors.  The government responded that Bell was not eligible for a sentence reduction and that, even if he was, the court should exercise its discretion to deny the motion.

On April 26, 2019, the district court entered an order finding that Bell was eligible for a reduction and granting his motion.  The court noted that, due to the First Step Act, Bell's statutory minimum prison sentence was now ten years instead of life, and his revised guideline range was 360 months to life.  After considering Bell's record, the 18 U.S.C. § 3553(a) sentencing factors, his post-sentencing conduct, and the nature and seriousness of the danger to the public posed by a reduction in his sentence, the court granted his motion and reduced his sentence to concurrent terms of 360 months of imprisonment.  The court did not further explain its decision to reduce Bell's total sentence from life to 360 months.

On the same day, the district court issued a separate order on the form for motions under 18 U.S.C. § 3582(c)(2), which permits sentence reductions based on

3

a retroactive guideline amendment. The court wrote that, having considered the motion for a sentence reduction, "and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," Bell's motion was granted and his total prison sentence was reduced to 360 months.

Now on appeal, Bell argues that the district court abused its discretion by sentencing him to 360 months based on an erroneous legal view that it lacked authority to reduce his sentence below the revised guideline range.

## II.

We review *de novo* whether a district court had the authority to modify a term of imprisonment under the First Step Act. *United States v. Jones*, No. 19-11505, --- F.3d ---, ---, 2020 WL 3248113, at *3 (11th Cir. June 16, 2020). We review the district court's denial of an eligible First Step Act movant's request for a reduced sentence for an abuse of discretion. *Id.* "A district court abuses its discretion when it applies an incorrect legal standard." *Id.* at *11 (quotation marks omitted).

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). The First Step Act expressly permits district courts to reduce a previously imposed sentence in certain circumstances. *Jones*, --- F.3d at ---, 2020 WL 3248113, at *5.

4

Section 404 of the First Step Act makes retroactive the reduced statutory penalties for certain crack cocaine offenses under the Fair Sentencing Act, which originally did not apply to defendants who were sentenced before the effective date of that act. *See id.* at *4–5. Under § 404(b), district courts may "impose a reduced sentence for defendants as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" First Step Act, § 404(b).

To be eligible for a reduction under § 404(b), the defendant must have been sentenced for a "covered offense" as defined in § 404(a). *Jones*, --- F.3d at ---, 2020 WL 3248113, at *5. We recently addressed the meaning of that term in *Jones*, holding, as relevant here, that a defendant has committed a "covered offense" if "the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." *Id.* at *8. Here, because Bell's offenses triggered those higher statutory penalties, which the Fair Sentencing Act modified, he is eligible for a reduction.[1] *See id.* at *8–9.

---

[1] The government originally appealed the district court's determination that Bell was eligible for a sentence reduction under § 404. The government argued that eligibility was determined based on the defendant's actual conduct, and that Bell was not eligible based on the amount of crack cocaine involved in his offenses. After we rejected this same argument in *United States v. Jones*, No. 19-11505, --- F.3d ---, ---, 2020 WL 3248113, at *8 (11th Cir. June 16, 2020) ("We reject the argument by the government that a district court must determine a movant's 'covered offense' by considering the specific quantity of crack cocaine involved in the movant's violation."), the government voluntarily dismissed its appeal of the eligibility decision. So only Bell's appeal of the reduction decision is before us for review.

Eligibility does not mean entitlement, however.  The district courts retain "wide latitude" to determine whether and to what extent to grant a sentence reduction.  *Jones*, --- F.3d at ---, 2020 WL 3248113, at *11.  Nevertheless, "[a] district court abuses its discretion when it applies an incorrect legal standard."  *Id.* (quotation marks omitted).

Where the record is ambiguous as to whether the district court understood its authority to reduce a sentence under the First Step Act, we will vacate the order and remand for further proceedings.  *See id.*  In *Jones*, we vacated an order denying First Step Act relief to a defendant because the order was ambiguous as to whether the district court understood its authority to reduce the defendant's sentence below the revised guideline range.  *Id.*  We explained that "neither the First Step Act nor section 3582(c)(1)(B) barred the district court from reducing [the defendant's] sentence below the revised guideline range."  *Id.*  While we noted that it was possible the district court understood that it could reduce the defendant's sentence but chose not to, we vacated and remanded for further proceedings because we could not rule out that the court erroneously believed it lacked authority to reduce the defendant's sentence below the revised guideline range.  *Id.*

Here, we vacate the district court's order granting Bell relief under § 404(b) of the First Step Act because, as in *Jones*, the record is ambiguous as to whether the court understood its authority to reduce his sentence below the revised guideline

range.  As noted above, the court issued two orders purporting to grant Bell's § 404(b) motion.  In one order, the court cited provisions of the First Step Act in exercising its discretion to reduce his sentence to 360 months.  But it did not further explain the extent of the reduction granted.  And then, in a separate order, the court stated that it had granted Bell's motion after considering U.S.S.G. § 1B1.10, the policy statement governing § 3582(c)(2) sentence reductions based on retroactive guideline amendments, which provides that a court generally may not reduce a sentence to a term less than the minimum of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).  That limitation does not apply to motions under the First Step Act.  *See Jones*, --- F.3d at ---, 2020 WL 3248113, at *11.  So given the court's apparent reliance on § 1B1.10, as well as the absence of an explanation for reducing Bell's sentence to the low end of the revised guideline range, we are unsure whether the court erroneously believed that it lacked authority to reduce Bell's sentence below the revised guideline range.

Because we cannot tell whether the district court correctly understood the scope of its power under § 404(b), we vacate the order denying Bell's First Step Act motion and remand for further proceedings.  *See id.*

**VACATED and REMANDED.**